843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 No. 87-1458.
 
 Henry TRACZYNSKI, Plaintiff-Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1988.
 Before KEITH, BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Secretary of Health and Human Services sought to recover overpaid social security disability insurance benefits, the district court found no fault on the part of the recipiant, and the Secretary appeals.
 
 
 2
 From 1979 to 1982, Traczynski received $49,088 in excess benefits. Before us is the issue of whether the Secretary's determination that Traczynski was not without fault in causing the overpayment was unsupported by substantial evidence.
 
 
 3
 On September 14, 1977, Traczynski filed an application for disability benefits. He claimed that, as of June 5, 1977, he became disabled because of a myocardial infarction. On October 24, 1977, benefits were awarded retroactive to June 5.
 
 
 4
 In an effort to encourage disabled persons to test their ability to return to work, the Secretary permits persons receiving disability benefits to engage in a nine-month "trial work period" while still receiving full benefits. 20 C.F.R. Sec. 404.1592. In April of 1978, Traczynski returned to work. In May of 1978, Traczynski filed an employee work activity report to this effect. In December of 1978, he filed a second work activity report indicating that he was still working. In February of 1979, nine months after he had returned to work, Traczynski filed a work activity report stating that he had stopped working on January 22, 1979. Noting that Traczynski had been hospitalized on January 31 and February 2, 1979, the Social Security Administration determined that Traczynski was entitled to continued benefits because he had to stop working within a month of completing his nine-month trial work period. In March and September of 1979, the Administration sent letters to Traczynski indicating that they had reviewed his file and determined that benefits would continue. On October 26, 1979, Traczynski notified the Administration that he had returned to work. Concerned that his work activity would jeopardize his benefits, Traczynski personally visited social security offices on at least five occasions between September of 1979 and July of 1982. Traczynski claims that on each occasion he was assured that his activity did not jeopardize his benefits because it continued to meet the requirements of a trial work period. In July of 1982, Traczynski filed another work activity report. Traczynski indicated that he was working at the same plant in the same capacity for a new employer who bought the plant in March of 1982. After reviewing this report, the Administration determined that benefits would cease because he was able to engage in substantial gainful activity despite his impairments. The Administration determined that Traczynski was not entitled to benefits after January 1979 and informed him that he had been overpaid $49,088 between 1979 and 1982.
 
 
 5
 On June 7, 1985, a hearing was held before an administrative law judge. Traczynski appeared without counsel. The administrative law judge held that Traczynski was not without fault in causing the overpayment because he failed to furnish material information in a timely manner and he accepted payment which he should have known was incorrect. The administrative law judge moreover found Traczynski's testimony that Social Security employees told him that his work activity did not disqualify him from disability benefits was not credible and ruled that recovery could not be waived. The administrative law judge's decision became the Secretary's final decision when the appeals council denied Traczynski's request for review.
 
 
 6
 Traczynski sought judicial review of the Secretary's final decision. The district court found that the Secretary's conclusion that Traczynski was at fault in causing the overpayment was unsupported by substantial evidence. The district court found that Traczynski accurately appraised the Administration of work activity and relied on the Administration's determinations that his benefits would continue. Consequently, the district court ruled that Traczynski could not be at fault in accepting the benefits under 20 C.F.R. Sec. 404.510(b) and (g). Because the Secretary's regulations provide that recovery will be waived in these circumstances, the district court ordered that recovery be waived. 20 C.F.R. Sec. 404.506.
 
 
 7
 The Secretary argues that Traczynski was not without fault in accepting the overpayments because he failed to provide information which he should have known to be material and he accepted payments to which he should have known he was not entitled. 20 C.F.R. Sec. 404.507(b) and (c). Specifically, the Secretary argues that Traczynski should have known that his nine-month trial work period expired in January of 1979, that Traczynski should have known that he was engaging in "substantial gainful work activity," and that Traczynski was not misled by the Administration's employees into believing that he was entitled to continued benefits.
 
 
 8
 Under the Social Security Act, the Secretary may not recover overpayments from any person who is without fault if the recovery would be "against equity or good conscience." 42 U.S.C. Sec. 404(b). An individual will be considered without fault in accepting overpayments if the individual accepts the overpayments in reliance upon an erroneous interpretation of the Act or relevant regulations provided by an official source within the Social Security Administration. 20 C.F.R. Sec. 404.510a. Moreover, recovery from an individual who accepts overpayment in reliance upon erroneous information from an official source is, by definition, against equity or good conscience. 20 C.F.R. Sec. 404.512(a). Consequently, the Secretary cannot recover the overpayment to Traczynski if he accepted the benefits in reliance upon advice from the Administration.
 
 
 9
 We have reviewed the record, and we agree with the district court that the Secretary's conclusion that Tracsynski was at fault in causing the overpayment was unsupported by substantial evidence in the record as a whole.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.